OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
A hearing pursuant to article 81 of the Mental Hygiene Law commenced in this action on June 24, 2010. On the day of the hearing, counsel for the petitioner, A.N., requested that the petitioner’s son, Paul N., be permitted to appear before this *1155 court pro hac vice, in this action, to assist petitioner’s counsel Samuel Viruet, Esq. This court permitted the attorneys to submit papers with respect to said application. The hearing was adjourned to July 15, 2010.
On July 6, 2010 petitioner’s counsel submitted a motion to this court seeking to have Paul N. appointed as cocounsel pro hac vice to assist him in this article 81 proceeding. In his affirmation of merit, petitioner’s counsel, Samuel Viruet, states that Paul N. is familiar with New York State local rules of the court and agrees to abide by them. He further states that Paul N. was admitted to practice in the State of New York in June 1995. However, he is unable to produce a certificate of good standing from New York since he “may not have his past bar fees paid up to date due to multiple military deployments.” (Viruet affirmation, para 2.) Mr. Viruet states that Paul N. is a member in good standing of the bar of the State of New Jersey and he annexes a copy of the certificate of good standing from New Jersey. Mr. Viruet contends that Mr. N. has been practicing law in the State of New Jersey for more than 15 years and is a member in good standing of the U.S. Army Judge Advocate General’s Corps (JAG).
Paul N. submits an affidavit in support of the instant motion wherein he states that he is a member in good standing of the bar of the State of New Jersey and he is a reserve JAG officer in the United States Army for more than 10 years where he has tried numerous court-martials. He states that he is familiar with the New York State Civil Practice Law and Rules and agrees to abide by them.
This court did not receive any papers in opposition to the instant motion.
Pursuant to 22 NYCRR 520.11 (a) (1),
“An attorney and counselor-at-law or the equivalent who is a member in good standing of the bar of another state, territory, district or foreign country may be admitted pro hac vice-. (1) in the discretion of any court of record, to participate in any matter in which the attorney is employed; or (2) in the discretion of the Appellate Division.”
22 NYCRR 520.11 (d) states that
“[a]n attorney admitted pro hac vice . . .
“(1) shall be familiar with and shall comply with the standards of professional conduct imposed upon members of the New York bar, including the rules of *1156 court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility; and
“(2) shall be subject to the jurisdiction of the courts of this State with respect to any acts occurring during the course of the attorney’s participation in the matter.”
The instant application is hereby denied. Although Mr. Viruet states that Paul N. was admitted to the bar in New York in June 1995, he cannot produce a certificate of good standing because he “may not have” his past bar fees paid up to date. That assertion by Mr. Viruet is vague and what is more troubling is that it is not explained by Paul N. himself in his affidavit of merit. 22 NYCRR 500.4 states than an application for pro hac vice admission shall “include current certificates of good standing from each jurisdiction in which the applicant is admitted.” Since Mr. N. cannot produce a certificate of good standing from New York, where he was admitted in June 1995, and he has offered no explanation for why he cannot do so, in this court’s discretion, his application for admission pro hac vice is denied.
In addition, though Mr. N. claims that he is familiar with the New York State Civil Practice Law and Rules and agrees to abide by them, 22 NYCRR 520.11 states that an attorney admitted pro hac vice must be familiar and shall comply with the standards of professional conduct including the rules of court governing the conduct of attorneys and the Disciplinary Rules of the Code of Professional Responsibility. Mr. N. did not indicate in his affidavit that he was familiar with the Disciplinary Rules of the Code of Professional Responsibility or that he would abide by them. He merely states that he is familiar with the New York State Civil Practice Law and Rules and would abide by them.
Accordingly, the motion by petitioner’s counsel to permit Paul N. to appear in this article 81 matter as cocounsel, pro hac vice, is denied.